UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST CARPENTERS HEALTH AND SECURITY TRUST; NORTHWEST CARPENTERS RETIREMENT TRUST; NORTHWEST CARPENTERS INDIVIDUAL ACCOUNT PENSION TRUST; NORTHWEST CARPENTERS VACATION TRUST; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO, <br><br> Plaintiffs, <br><br> v. <br><br> KING'S SUBCONTRACTING, LLC, <br><br> Defendant. | C22-0503 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on the motion of plaintiffs Northwest Carpenters Health and Security Trust, Northwest Carpenters Retirement Trust, Northwest Carpenters Individual Account Pension Trust, Northwest Carpenters Vacation Trust, and Carpenters-Employers Apprenticeship and Training Trust Fund of Washington-Idaho (collectively "Plaintiffs") for entry of default judgment against defendant King's

ORDER - 1

Subcontracting, LLC, docket no. 17.  Having reviewed Plaintiffs' motion, the supporting documents, and the remainder of the record, the Court GRANTS Plaintiffs' motion for default judgment against Defendant.

**Discussion**

On June 7, 2022, the Clerk of Court entered default against Defendant for failure to timely plead or otherwise defend in this action.  Entry of Default (docket no. 13). Plaintiffs now request equitable relief from the Court in the form of an order compelling Defendant to provide certain remittance reports as set forth in applicable trust agreements to which Defendant is bound.  Plaintiffs also seek an award of attorney's fees and costs.

Plaintiffs have alleged causes of action for breach of labor and trust agreements and a violation of the Employee Retirement Income Security Act ("ERISA"), Compl. at ¶¶ 4.1–4.6 (docket no. 1), and have properly established subject matter jurisdiction and venue in this Court, *id.* at ¶¶ 2.1–2.2.  The Court also has personal jurisdiction over Defendant, which is a Washington limited liability company with its principal place of business in this District.  *Id.* at ¶ 1.7; *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void.").  Due to Defendant's default, the Court accepts as true the well-pleaded facts in Plaintiffs' complaint.  *See LHF Prods., Inc. v. Holmes*, No. C16-551, 2018 WL 3742189, at *2 (W.D. Wash. Aug. 7, 2018) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)).

Here, Defendant executed a Letter of Assent in which it agreed to be bound by the Community Workforce Agreement ("CWA") for the Arena at Seattle Center Project in

Seattle, Washington.  Compl. at ¶ 3.1; Coty Decl. at ¶ 17 & Ex. 1 (docket no. 18).  The CWA binds signatory contractors to the written terms and conditions of Plaintiffs' respective trust agreements, which require Defendant to make certain fringe benefit contributions.  *Id.* at ¶¶ 3.2–3.10; Coty Decl. at ¶¶ 18–19 & Ex. 2 (docket no. 18).  Plaintiffs' trust agreements require Defendant to submit certain remittance reports and other related business records.  Compl. at ¶¶ 3.6–3.10; Exs. 3–7 to Coty Decl. (docket no. 18).  On January 8, 2022, Plaintiffs made written demand upon Defendant for delinquent remittance reports and fringe benefit contributions for the period September 2021 through December 2021.  Compl. at ¶ 3.12.  On March 11, 2022, a second written demand was made upon Defendant for delinquent remittance reports and fringe benefit contributions for the period September 2021 through February 2022.  Compl. at ¶ 3.13.  Defendant failed to provide Plaintiffs with any remittance reports and contribution payments for the period September 1, 2021, through March 31, 2022, and the matter was referred to Plaintiffs' Counsel, who commenced this action in April 2022.  Compl. at ¶ 3.14; Coty Decl. at ¶ 20; Maxwell Decl. at ¶ 2 (docket no. 19).

      Plaintiffs seek an equitable remedy, and ask the Court for an order compelling Defendant to promptly provide the delinquent remittance reports for the period September 1, 2021, through March 31, 2022.  The Court has authority to enter default judgment against Defendant based on the Clerk's entry of default, docket no. 13, and Federal Rule of Civil Procedure 55, and concludes that Plaintiffs are entitled to equitable relief under ERISA, 29 U.S.C. § 1132(a)(3), in the form of an order compelling Defendant to produce its monthly remittance reports and promptly remit payment of all

ORDER - 3

contributions listed on its monthly remittance reports covering work on the Arena at Seattle Center Project. *See Masonry Sec. Plan of Wash. v. Radilla*, No. 20-350, 2021 WL 3602517, at *4 (W.D. Wash. Aug. 13, 2021); *Bds. of Trs. of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 21-cv-200, 2022 WL 1243663, at *5 (E.D. Wash. Apr. 26, 2022).

Plaintiffs also request attorney's fees in the amount of $6,125 and costs in the amount of $682. The Court has been provided sufficient evidence to determine the amount and reasonableness of the attorney's fees and costs claimed in this action. *See* Maxwell Decl. at ¶¶ 18–19 & Exs. 15–16 (docket no. 19); Fed. R. Civ. P. 55(b)(2); 29 U.S.C. § 1132(g) (providing for an award of reasonable attorney's fees and costs).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)  Plaintiffs' motion for entry of default judgment against defendant King's Subcontracting, LLC, docket no. 17, is GRANTED.

(2)  Defendant King's Subcontracting, LLC is ORDERED to promptly produce to Plaintiffs its monthly remittance reports covering work on the Arena at Seattle Center Project for the period September 1, 2021, through March 31, 2022, and to promptly remit payment of all contributions listed on its monthly remittance reports covering work on the Arena at Seattle Center Project for that period.

(3)  The Court retains jurisdiction over this matter to enforce payment of delinquent fringe benefit contributions. In the event Plaintiffs find discrepancies with

ORDER - 4

Defendant's reporting of fringe benefit contributions, Plaintiffs shall promptly move to reopen the case and amend their complaint.

      (4)    Plaintiffs are AWARDED attorney's fees in the amount of $6,125 and costs in the amount of $682, for a total award of $6,807 in fees and costs.

      (5)    The Clerk is directed to enter judgment consistent with this Order, send a copy of the Judgment and this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 25th day of April, 2023.

*[signature]*

Thomas S. Zilly
United States District Judge

ORDER - 5